UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 10-11643-RWZ

RICHARD TOLBERT

v.

HAROLD W. CLARKE, et al.

MEMORANDUM AND ORDER

ZOBEL, D.J.

For the reasons stated below, the Court directs the plaintiff to file a second amended complaint.

I. Background

On September 9, 2010, Richard Tolbert, who is now incarcerated at the Souza-Baranowski Correctional Center, filed a self-prepared complaint under 42 U.S.C. § 1983 in which he complains of conditions at the Old Colony Correctional Center ("OCCC"), where he was housed at the time. He alleges that he suffers from post traumatic stress disorder ("PTSD") and that the defendants–Nancy Dizio, Director of Mental Health at OCCC; Karin Bergaron, Superintendent of OCCC; Carol Lawton, Director of Classification at OCCC; and M.H.M. Services Inc.–negligently failed to provide adequate treatment for his disorder. He also alleges that he has to stand in line for medicine for a long period of time, that medications are changed without prior notice, and that medications are "crushed up." The plaintiff further alleges that cell assignments are inappropriate because inmates with severe mental disorders share

cells with inmates with milder mental disorders, and that cell assignments are made according to race. In the complaint, Tolbert refers to the defendants collectively. He does not identify the role of each defendant in the alleged misconduct of which he complains.

On October 7, 2010, Tolbert filed a "Supplemental Complaint" (#6) in which he complains of the overall lack of quality of mental health treatment at the prison and of "blanket" regulation prohibiting prisoners from having razors. He also alleges that he received a false and exaggerated disciplinary report for purportedly missing a mental health appointment, when he did in fact go the appointment but was told that a mental health appointment had not been scheduled.

In an order dated October 22, 2010 (#11), the Court granted Tolbert's motion to proceed in forma pauperis and ordered that summons issue. On October 25, 2010, summons issued. The United States Marshal Service attempted to serve Dizio on November 3, 2010, but service was not completed because Dizio no longer works at the address provided by Tolbert. (See #29). M.H.M. Services was served on January 11, 2011. (See #34).

On December 7, 2010, Tolbert filed a motion for clarification (#22) in which he asks that the docket and Court documents be changed to reflect the proper spelling of Dizio. In some places in the docket and in some orders, "Dizio" was misspelled.

On December 8, 2010, Tolbert filed an amended complaint (#23). Among the allegations contained in that document are the following: (1) the defendants have violated the Americans with Disabilities Act; (2) there are no members of the mental health staff at OCCC who are black; (2) cell assignments have been made according to

2

race; (3) OCCC correction officer are inadequately trained to meet the needs of inmates who suffer from mental health problems; (4) the procedure for filing grievances concerning the lack of mental health treatment is inadequate; and (5) the defendants impermissibly change prescription amounts and the time at which medication is administered.  He states in the amended complaint that he "incorporates affidavits along with supplemental complaints already on file."  Amend. Compl. ¶ 18.

## II.     Discussion

When a plaintiff files a complaint without prepayment of the filing fee, the complaint, and any amended complaint, is subject to a preliminary screening under 28 U.S.C. § 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are also subject to screening.  Both § 1915 and § 1915A authorize federal courts to dismiss a complaint <u>sua sponte</u> if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).

### A.     Amendment of a Complaint

Here, Tolbert has filed a complaint, supplemental complaint, and an amended complaint.  As a threshold matter, his pleadings are defective because it appears that he intends that all three documents, collectively, constitute the operative complaint.  However, neither the Court nor the defendants are required to piece together more than one document to form a complaint.  It is the plaintiff's responsibility to submit one document which he intends to serve as the operative complaint.  If a plaintiff wishes to

amend the complaint, he must file a new complaint that not only incorporates additions or changes to the original complaint, but also includes all the claims from the earlier-field complaint that the plaintiff wishes to be part of the operative complaint. "An amended complaint, once filed, normally supersedes the antecedent complaint." Connectu LLC v. Zuckerberg, 522 F.3d 82, 91 (1st Cir. 2008). "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" Id. (quoting Kolling v. Amer. Power Conversion Corp., 347 F.3d 11, 16 (1st Cir. 2003)).

**B.     Fed. R. Civ. P. 8(a)**

Second, many of the claims in Tolbert's pleadings fail to satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Under this rule, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). At a minimum, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Calvi v. Knox County, 470 F.3d 422, 430 (1st Cir. 2006) (quoting Educadores Puertorriqueños en Acción v. Hernández, 367 F.3d 61, 66 (1st Cir. 2004)). This means that the statement of the claim must "at least set forth minimal facts as to who did what to whom, when, where, and why." Id. (quoting Educadores, 367 F.3d at 68). Although the requirements of Rule 8(a)(2) are minimal, "minimal requirements are not tantamount to nonexistent requirements." Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)). The plaintiff's obligation to provide the grounds of his claim "requires more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A court is not "bound to accept as true a legal conclusion couched as a factual allegation," and "[f]actual allegations must be enough to raise a right to relief above the

4

speculative level." Id. (quoting in part Papasan v. Allain, 478 U.S. 265, 286 (1986)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of a cause action, supported by mere conclusory statements, do not suffice.").

Many of Tolbert's allegations lack the specificity required under Rule 8. Tolbert claims that the defendants violated his constitutional and statutory rights, but he does not clearly identify the precise conduct at issue, by whom it was carried out, or when it occurred. Significantly, Tolbert often refers collectively to the "defendants" when the specific factual allegations do not support a reasonable inference that all of the defendants were involved in the alleged misconduct. This "lumping" of all of the defendants together is impermissible when it cannot be reasonably inferred that all of the defendants were involved, or it is otherwise not clear to which defendant or defendants the plaintiff is referring. See Bagheri v. Galligan, 160 Fed. Appx. 4, 5 (1st Cir. 2005) (upholding district court's dismissal of action where the original complaint did not "state clearly which defendant or defendants committed each of the alleged wrongful acts" and the plaintiff had failed to cure the pleading deficiencies); Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) ("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [plaintiff]'s complaint failed to satisfy [the] minimum standard" of pleading under Fed. R. Civ. P. 8(a)."). In this action, referring to the "defendants" or to a single "defendant" without identifying the name of the party does not afford each defendant fair notice of the factual allegations and causes of action against him, her, or it.[1]

---

[1]Further, to the extent that Tolbert seeks to bring claims under 42 U.S.C. § 1983, he must allege facts from which the Court may reasonably infer that a defendant was

5

### C. Filing of a Second Amended Complaint

If Tolbert would like to prosecute this action, he must file a second amended complaint that includes all of the legal and factual allegations that he wishes to be part of the operative complaint. The second amended complaint must also identify the alleged misconduct of each separate defendant.

Failure to timely file a second amended complaint will result in dismissal of this action for lack of prosecution.

### III. Conclusion

Accordingly:

1. If Tolbert would like to proceed with this action, he must, within forty-two (42) days of the date of this memorandum and order, file a second amended complaint that complies with the above-discussed requirements. Failure to timely file a second amended complaint will result in dismissal of this action for lack of prosecution.

2. The Clerk shall provide Tolbert with copies of his original complaint (#1), the supplemental complaint (#6), and the amended complaint (#23).

3. The second amended complaint will be subject to screening under 28 U.S.C. §§ 1915(e)(2) and 1915A.

---

personally involved in the conduct giving rise to the claim. "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable [under § 1983].'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005)). "In § 1983 cases, 'supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization.'" Id. (quoting Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000)).

6

4. If, after reviewing the second amended complaint, the Court allows the case to go forward, summonses shall reissue and the plaintiff will be responsible for serving the second amended complaint.

5. The defendants are not required to respond to the complaint, supplemental complaint, or amended complaint.

6. The motion for clarification (#22) is DENIED AS MOOT. Any typographical error as to Dizio's name is inconsequential; further, the Clerk has already corrected her name as it appears in the case title on the docket.


SO ORDERED.

 2/28/2011    　　　　　　　　　　　　　　　　/s/ Rya W. Zobel   
DATE　　　　　　　　　　　　　　　　　　　RYA W. ZOBEL  
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE